**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1917
_____

DE SHAWN DRUMGO,
                        Appellant

v.

SGT WILLIAM KUSCHEL
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-14-cv-01135)
District Judge:  Honorable Colm F. Connolly
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 11, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: May 11, 2020)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant De Shawn Drumgo appeals from the District Court's order

granting summary judgment in favor of Sergeant William Kuschel, the remaining

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

defendant in a civil rights action that Drumgo brought pursuant to 42 U.S.C. § 1983.  For

the reasons discussed below, we will we will affirm in part, vacate in part, and remand

for further proceedings consistent with this opinion.

I.

In September 2014, Drumgo filed suit against various officers and employees of

the James T. Vaughn Correctional Center and the Delaware Department of Corrections.

Drumgo alleged, among other things, that he was sexually assaulted by Kuschel during a

frisk search after leaving the prison dining hall on May 29, 2014.  The District Court

dismissed the claims against several defendants, finding that Drumgo failed to allege

their personal involvement or otherwise failed to state a claim against them.  The

remaining defendants, including Kuschel, then moved for summary judgment, arguing

that Drumgo had failed to exhaust available administrative remedies as required by

statute, see 42 U.S.C. § 1997e(a).  The District Court granted that motion.  On appeal, we

affirmed in part, vacated in part, and remanded for further proceedings on the Eighth

Amendment claim against Kuschel.  See Drumgo v. Kuschel, 684 F. App'x 228, 231 (3d

Cir. 2017) (per curiam) (non-precedential).[1]

---

[1] Drumgo maintained that he had filed a grievance against Kuschel, but the defendants
informed the District Court that there was no record of the grievance in the Delaware
Automated Corrections System (DACS) database.  On appeal, the defendants informed
this Court that a subsequent search "showed that Drumgo did file a grievance against
Officer Kuschel.  Due to the allegations of sexual misconduct, the grievance was
docketed in a separate DACS database to preserve confidentiality.  So, the grievance was
not discovered during the initial search described in the affidavit on which the District
Court relied."  Drumgo, 684 F. App'x at 230–31.

2

On remand, the parties presented conflicting evidence regarding the May 29, 2014 incident and its aftermath.  Drumgo maintains that, as he was exiting the dining hall, an officer directed Kuschel to frisk-search Drumgo.  In the course of the search, Kuschel told Drumgo not to say anything because no one was going to help him.  Kuschel proceeded to grope Drumgo's legs in an inappropriate sexual manner, then grabbed and squeezed Drumgo's penis until the skin ruptured.  Drumgo shouted, telling Kuschel to let go of his penis.  Drumgo maintains that he submitted a sick call slip for the injury and that he was seen by medical staff and given Bactrocin ointment.  He has suffered flashbacks and nightmares from the incident.  He claims that the incident was the second time that Kuschel sexually assaulted him, as Kuschel had caressed his nipples and buttocks at some unspecified prior date.  Drumgo submitted sworn statements from various inmates — including Isaiah Walker, Curtis Mercer, and Alem Lopez — who were present during the May 29, 2014 incident.  Those inmates corroborated Drumgo's claim that Kuschel inappropriately searched his groin and genitals, deviating from the standard frisk search applied to inmates leaving the dining hall.  Those inmates also heard Drumgo yell out for Kuschel to let go of his penis.

Kuschel denies Drumgo's version of the events.  Kuschel maintains that he conducted a routine frisk search, with a glove, as he has been trained to do for safety.  He claims that he never grabbed Drumgo's penis nor heard Drumgo yell.  Kuschel also searched other inmates in the same manner on May 29, 2014, and no other inmates

3

complained about the search or said that they were sexually assaulted.[2] Correctional Officers VanGorder, Hutchins, Ingram, and Abernathy all corroborated Kuschel's claim that the search was proper and that Drumgo did not yell anything. Stanley Baynard, an internal affairs investigator, conducted a Prison Rape Elimination Act investigation and concluded that there was no credible evidence to substantiate Drumgo's claim.

The medical evidence in the record includes a May 29, 2014 sick call request from Drumgo, but that request did not mention any incident with Kuschel or any injury to Drumgo's penis. Nor do the other medical records support Drumgo's assertion that he was treated for his alleged physical injury. But there are records of the mental health treatment that Drumgo has received, including a treatment plan to address the distress, nightmares, and other symptoms that he claims he suffered as a result of the incident. Marc Richman, a licensed psychologist and Bureau Chief for the Bureau of Correctional Health Care Services, reviewed Drumgo's mental healthcare files and noted that, although Drumgo claims to suffer from PTSD, no official diagnosis has been made.

The District Court reviewed the evidence and granted summary judgment in favor of Kuschel. The District Court determined that Kuschel was entitled to qualified immunity because Drumgo had not submitted sufficient evidence to support a finding that his Eighth Amendment rights were violated. The District Court also determined that, to the extent that Drumgo sued Kuschel in his official capacity, Kuschel is immune from

---

[2] Alem Lopez stated that he was also sexually assaulted by Kuschel on May 29, 2014, and that he filed a grievance regarding the incident. Kuschel maintains that Lopez's statement is false because, among other things, there is no record of any such grievance in the DACS database.

suit under the Eleventh Amendment.[3]  Drumgo then filed a motion for reconsideration, which the District Court denied.  This appeal ensued.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order granting summary judgment.  See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23.  A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III.

The Eighth Amendment protects prison inmates against cruel and unusual punishment.  See Whitley v. Albers, 475 U.S. 312, 318 (1986).  To be actionable, the punishment must be "objectively, sufficiently serious," and the corrections officer must have a "sufficiently culpable state of mind."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks and citation omitted).  We have previously recognized that sexual abuse of an inmate by a corrections officer may violate the Eighth Amendment.

---

[3]  We will affirm the District Court's ruling on that issue, which Drumgo has not challenged.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

5

See Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018). As with other Eighth Amendment claims, "the incident must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind." Id. at 475. In Ricks, we concluded that "a single incident, if sufficiently serious or severe, can run afoul of the Eighth Amendment as surely as can multiple, less egregious incidents." Id. at 477. In the "contextual, fact-specific" inquiry into an incident, "[t]he scope, place, and timing of the offensive conduct will bear on its severity, as will the details of the alleged contact." Id. at 478.

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity applies unless: (1) the facts alleged by the plaintiff show the violation of a constitutional right; and (2) the law was clearly established at the time of the violation. See Pearson v. Callahan, 555 U.S. 223, 232 (2009). "Just as the granting of summary judgment is inappropriate when a genuine issue exists as to any material fact, a decision on qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis." Curley v. Klem, 298 F.3d 271, 278 (3d Cir. 2002); see also Santini v. Fuentes, 795 F.3d 410, 420 (3d Cir. 2015).

Here, the District Court erred in ruling, under the first prong of the qualified immunity analysis, that the facts set forth by Drumgo are insufficient to establish an

Eighth Amendment violation.[4]  The District Court observed, correctly, that the prison has a legitimate penological interest in searching inmates as they leave the dining hall, which weighs against finding an Eighth Amendment violation.  See Ricks, 891 F.3d at 475–76.  But the remaining material facts are disputed, and — when viewed in the light most favorable to Drumgo — they are sufficient for a reasonable juror to conclude that the May 29, 2014 incident was "objectively, sufficiently intolerable and cruel, capable of causing harm" and that Kuschel had "a culpable state of mind."  Id. at 475.

Specifically, Drumgo and multiple other inmates state that Kuschel went well beyond the legitimate scope of the search, grabbing Drumgo's genitals and causing Drumgo to yell out for Kuschel to let go of his penis.  Drumgo states that the skin of his penis ruptured and that he received medical attention for the injury.  See id. at 477 (noting that "physical injury will certainly signal severity" of the misconduct).  He also claims to have suffered psychological trauma from the incident, which is corroborated, at least in part, by his mental healthcare records.  See id. (noting that "the absence of force or injury will not doom a sexual abuse claim outright," as the harmful effects of sexual abuse include distress and other psychological harm).  And Drumgo claims to have been sexually harassed by Kuschel on a previous occasion.[5]  Given this evidence, the District

---

[4]  The District Court did not reach the second prong of the qualified immunity analysis, and Kuschel has not argued that the second prong provides an alternative basis to affirm the District Court's ruling on appeal.  See E. D. v. Sharkey, 928 F.3d 299, 307–08 (3d Cir. 2019).
[5]  Drumgo does not challenge the District Court's ruling that there is insufficient evidence for a reasonable juror to find that this prior incident constitutes an independent Eighth Amendment violation, and we will affirm that ruling.

7

Court erred in concluding that the alleged misconduct does not "fall within the examples of misconduct identified in Ricks." ECF No. 145 at 17. Compare Ricks, 891 F.3d at 478 (noting that the sexualized fondling and squeezing of an inmate's penis are examples of conduct that violates the Eighth Amendment).

Of course, as Kuschel argues, much of the evidence indicates that the entire May 29, 2014 frisk search was properly conducted, that it served a legitimate penological interest, that Kuschel did not grab Drumgo's penis, that Drumgo did not yell out or complain, and that he did not suffer any injuries. But weighing that evidence against Drumgo's evidence is a factual issue that "must be resolved by a jury, not a judge." Santini, 795 F.3d at 420. Thus, while Kuschel notes the absence of medical records showing the alleged physical injury and treatment, we conclude that summary judgment was not warranted, as a reasonable juror could still believe Drumgo's account of his injury based on the record here. See generally Giles v. Kearney, 571 F.3d 318, 326 (3d Cir. 2009) (noting the difficulty that an inmate proceeding pro se faces in attempting to "generate record evidence," and that "affidavits . . . are about the best that can be expected from him" at summary judgment) (quotation marks and citations omitted).[6]

Therefore, we will vacate the District Court's grant of summary judgment on the Eighth Amendment claim against Kuschel in his individual capacity, and we will vacate

---

[6] Drumgo challenges the District Court's discovery rulings, but, at this stage, he has not shown actual and substantial prejudice from the any of those rulings. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010) ("We review a district court's discovery orders for abuse of discretion, and will not disturb such an order absent a showing of actual and substantial prejudice."). Whether additional discovery is permitted is left to the sound discretion of the District Court.

the District Court's denial of Drumgo's motion to reconsider that decision. See Santini, 795 F.3d at 420. The District Court declined to exercise supplemental jurisdiction over Drumgo's state law claims based on its resolution of his federal claims. The District Court may not need to reconsider that decision on remand. The District Court did not abuse its discretion in denying Drumgo's various motions for appointment of counsel, but we express no opinion on the merit of any renewed counsel motion on remand. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993); see also Houser v. Folino, 927 F.3d 693, 698 (3d Cir. 2019) ("District courts should consider the Tabron guideposts that may be relevant to any particular request for counsel, including successive requests, at the time and stage of litigation that the request is made.").

Accordingly, we will affirm the judgment of the District Court in part, see supra n.3 & n.5, vacate the judgment in part, and remand for further proceedings consistent with this opinion. Drumgo's pending motions are denied.